*Arnold Green*, for plaintiff in error.

*Solders & Solders*, for defendant in error.

---

## INJURY TO INFIRM PASSENGER ATTEMPTING TO ALIGHT FROM CAR.

[Circuit Court of Wood County.]

THE TOLEDO, BOWLING GREEN & SOUTHERN TRACTION COMPANY v. GEORGE McFALL.

Decided, November 29, 1905.

*Negligence—Degree of Care Incumbent upon a Carrier—With Respect to an Infirm Passenger—Disability of Passenger not a Basis for Defense of Contributory Negligence, When—Charge of Court—Verdict.*

1. The care to which a traction company should be held, with reference to a passenger who is alighting from a car, is that degree of care which is commensurate with the circumstances and the danger to be apprehended; and where an aged and infirm man, who is unattended, notifies the conductor as to the point at which he wishes to get off, and adds a caution against starting the car before he is off, more attention is demanded and should be given for his protection than in the case of passengers not so aged and infirm.

2. The fact that an aged and infirm passenger may have been himself negligent in attempting to travel alone, does not relieve a carrier

having knowledge of his condition from liability for its own negligence with reference to him.

3. Contributory negligence can not be based upon the fact that an infirm man, injured while traveling alone, was receiving a government pension for total disability.

4. A verdict of $1,200 for the injuries shown to have been sustained by the plaintiff, under the circumstances of this case, is not excessive.

WILDMAN, J. (orally); PARKER, J., and HAYNES, J., concur.

In this case a petition in error is filed in this court to reverse the judgment of the Court of Common Pleas of Wood County, the petition alleging the general grounds of error found in this class of cases, the case being one for the recovery of damages for personal injury. A motion for a new trial was filed in the court below, and was overruled, and the overruling of it is made one of the grounds of error. It is claimed that the verdict is against the weight of the evidence, that it is excessive, and that the court erred in refusing to give an instruction asked for by the defendant below, the plaintiff in error here.

The case was brought by George W. McFall against the traction company, alleging that on the 20th of January, 1904, it was the owner of a line of railway, operating electric cars, between the city of Findlay, in Hancock county, and the city of Toledo, passing through divers villages named in the petition, among which was the village of North Baltimore. It is said that the line entered North Baltimore on its way north from the east part of the village, on Water street, thence going north on Main street. It is alleged that on the date named, the plaintiff was a passenger on one of the defendant's north bound cars, having boarded the car as a passenger on Main street in the city of Findlay, at about three o'clock in the afternoon, and paid his fare to North Baltimore, where he then resided; that he arrived at North Baltimore about four o'clock in the afternoon, and that the car stopped on the south side of Railroad street at the intersection of Main street and said Railroad street for the purpose of letting plaintiff and other passengers off; that the place where the car stopped was a regular stopping place for the letting off

and taking on of passengers; that a number of passengers alighted from the car, and plaintiff attempted to do so and thus incurred the injury which is made the basis of the action.

About the same time, and before the car had fairly started, the conductor of said car, it is averred, in disregard of his duty as such, and without paying any attention to plaintiff and the other passengers and without stopping to see that they alighted safely before said car was again started, left the car and ran north on the east side thereof to a point on the east side of Main street and immediately north of the main track of the Baltimore & Ohio Railroad, where a derailing post is located, a distance of about a hundred feet from where the car stopped, for the purpose of pulling the lever on said derailing post in case the way was clear on said Baltimore & Ohio Railroad, and allowing defendant's car to come north across the tracks of said Baltimore & Ohio Railroad. As soon as the conductor of the car reached said derailing post, without looking back to his said car, although he then and there had a clear and unobstructed view of the same and of the rear end thereof on the east side, and without giving plaintiff a reasonable and sufficient length of time to descend from the car, he pulled said lever and motioned to the motorman of the car to come ahead, and thereupon the car was immediately started. Plaintiff avers that he was an old man, somewhat feeble in health, and slower than the ordinary person in his movements, of all which the said conductor had full notice and knowledge at the time the plaintiff became a passenger on said car at Findlay and thereafter. The petition alleges that at that time there was slush and snow and ice on the streets of North Baltimore, and some had accumulated on the rear of the car; that he attempted to get off the car on the right and east side of the car, and at the rear end where the other passengers who had preceded him had gotten off, and was carefully descending the steps of the car and about to step on the street, when the car was started as aforesaid, and he was thrown violently to the brick paved street, thereby seriously bruising and wounding him on the head and on his shoulders and back and hip, and thereby causing him to receive and suffer a severe physical and mental shock,

and he claims damages for this in the sum of five thousand dollars. He alleges that all this was without fault on his part, and he says further, that prior to the stopping of the car he notified the conductor that he wanted to get off at said crossing, and requested the conductor not to start the car until he got off safely, but that the conductor, in disregard of plaintiff's right and his said request, and in disregard of his duties as such conductor, and by reason of his negligence, caused plaintiff to be thrown from the steps of said car and injured.

The answer, which I will not stop to read, denies any negligence on the part of the traction company, and avers contributory negligence on the part of the plaintiff.

The first question to be considered is, whether the claim of negligence as against the defendant company is so far sustained by the evidence as to justify the finding of the jury in favor of the plaintiff. The jury rendered a verdict for the sum of twelve hundred dollars, which the court below, in overruling the motion for a new trial, permitted to stand.

Among the items of evidence in the case was a deposition of the plaintiff, in which he testified as to his recollection of the transaction, and among other things he says, that when he entered the car he was helped into it by one or two parties named, and it appears also further in the deposition that the conductor himself rendered some assistance in placing him in or taking him to a seat. He says, "I told the conductor I guess I would get off here, and that I did not want him to start the car until I was off, as I had seen several parties throwed there by the car starting before they were off." Now, the latter part of this answer is of no consequence, but the statement that he told the conductor that he desired to alight from the car at this place, and wished to have sufficient time to get off, coupled with the observation which was open to the conductor as to his age and condition, were fairly to be taken into account by the jury as matters which invited the attention of the conductor to the necessity and duty of using proper precaution to avoid injury to an old man. He was not altogether helpless, but while able to move about, to walk and get on the car and probably to alight without assistance, his condi-

tion was still such that it would seem to demand something more than the attention that would be properly given to an ordinary passenger of younger years and greater physical capacity.

There is some disagreement in the evidence as to the precise manner in which the old man received his injury. The car was started as he was either entirely off the car so far as his feet were concerned, or, while one foot was on the lower step and his hand still on one of the handrails in apparent attempt to steady himself in alighting. It does not seem to the court that it is of very much consequence what was the precise method in which he received the injury, if his fall was caused by the negligent starting of the car. Whether he had his hand upon one rail or the other; whether his feet were entirely disconnected from the car or not, are not matters of great moment if he was still so in contact with the car with either hand or foot upon it that the sudden moving of the car was likely to throw him to the ground and cause an injury. It is not strange that witnesses do not remember such matters precisely alike. Not only may there be variations in memory, but opportunities for observation are not just the same. The witness who described the plaintiff as falling backward, and just before the fall having still one foot upon the lower step of the car, seems to have had better facilities for observation than the witness who testifies that the old man was entirely free from the car so far as his feet were concerned. There was one other witness who was not sure whether his feet were upon the ground entirely or not. But as I say, that is not of great moment. The main question is whether the conductor used the care which should have been used by a conductor in charge of a car in the protection of the passengers upon his car towards whom the company owed the duty of protection.

While the company was held to only ordinary care, that care should be commensurate with the circumstances and with the danger to be apprehended, and manifestly some higher degree of care—not of a different kind, but care commensurate with the danger, such as should be accorded to a man of infirm body and old age.

There is another question in this case. The plaintiff in error argues, substantially, that the fact that McFall was receiving a

pension for total disability, is evidence of negligence on his part; that he ought not to have been traveling alone and unattended; that he was in such condition that he should have had a constant attendant, and that the pension would never have been allowed except for that necessity. But that is a matter between him and the government. If he has been receiving a pension for more than he would be entitled to, manifestly, the company could not recoup for that fact. It is but evidence in its bearing upon the question as to the extent of his disability and on the claim of contributory negligence. But even if he were negligent in this respect, as claimed, if the conductor knew the fact that he had no attendant and saw his condition, he was guilty of negligence in not caring for him and not paying attention to him. We do not think that if before that time the plaintiff had been guilty of negligence in entering the car, it would be such contributory negligence as would bar a recovery under the circumstances.

Without going any further into the details of the case, so far as the question of negligence is concerned it is sufficient for us to say that we think the verdict of the jury was justified by the evidence. There was nothing to indicate to their minds that the old man failed to exercise such care as men in his condition of mind and body would ordinarily exercise under like circumstances, but on the other hand, we think that the evidence did fairly tend to show that the conductor did not pay sufficient attention to the condition of this old man and the difficulty he might have in alighting from the car, and that the conductor too hastily notified the motorman to move ahead with the car.

The only question remaining is, as to whether the court properly instructed the jury, or properly refused a special request for instructions asked by plaintiff in error, and also as to whether the damages were excessive. The defendant below made three requests for instructions; two of them the court gave, and we think that the charge of the court on the whole was sufficiently favorable to the defendant. The court charged as to what would be ordinary care; that is, he defined it. There was no instruction as to the duties of the railway company to its passengers generally, but there was one paragraph defining the duty of the conductor as to a man of infirm body and old age. We think that it

was a fair charge. So far as the refusal to give one of the three instructions is concerned, that request was so complicated that we think that the court was justified in its refusal as misleading to the jury, and that in the second request asked and given, the defendant obtained everything to which it was justly entitled.

It was urged upon the court, in oral argument and in brief, that the damages were excessive. The old man had been afflicted for many years, probably ever since his service during the war, with chronic diarrhoea, and one of the claims was that that disease had been very much aggravated by this injury, so that he was no longer able to control the action of his bowels. There is evidence given by the wife of McFall, and also by a girl who was employed in the household, that ever since the injury his mind seemed to be affected seriously, and indeed, one of the physicians who testified in the case, says that he had delirium. The extent of the injury is not very easy to determine with exactness. The amount of pain that the man suffered, mental and physical, was proper to be considered by the jury in view of the general claim of damage, and in addition to all this there was the claim in the petition that he had incurred medical expense necessitated by the injury to the extent of a hundred and fifty dollars. The doctor who testified as to services rendered after the injury, stated that his fees might amount to two hundred dollars, although he was not very definite as to just the time of the treatment. Whether the estimate covered any service before the injury and not made necessary by it, may be a question. Considering all the circumstances we see no reasons for disturbing the verdict upon the ground that it was excessive. Surely there is nothing to indicate passion or prejudice. It is true enough that the sympathies of the jury might well be aroused by the circumstances of the case, but they do not seem to have been led into any extravagance in the assessment of damages.

The judgment of the court is that the verdict below should stand and the judgment of the court of common pleas be affirmed.

*Jas. A. Bope* and *Jas. O. Troup,* for plaintiff in error.
*W. H. McMillen,* for defendant in error.